JOHNSTONE, Justice
(concurring specially).
I concur in the main opinion. I add that the respondents J.S. and E.S., the adoptive parents, do not, in the certiorari review before us, challenge the standing of the petitioners D.W. and J.C.W. to sue as “natural grandparents” within the meaning of § 26-10A-30, Ala.Code 1975, to obtain rights of visitation with the baby adopted by the respondents J.S. and E.S. Before the Court of Civil Appeals, they did unsuccessfully challenge the standing of the petitioners D.W. and J.C.W. on the ground that they are not the adoptee-baby’s natural grandparents, but rather his great grandparents.
The facts are that the adoptee-baby’s mother is not the biological daughter of the petitioners D.W. and J.C.W. but is, rather, their biological granddaughter, whom they adopted as their own daughter before she conceived and bore the adoptee-baby. Because the respondents do not maintain their challenge to the petitioners’ standing before us, we need not consider whether the petitioners’ standing is impaired by our holding that “[ujnder the facts of this case, adopting parents, whose rights are exclusively dependent upon statutory law, must be treated differently than natural parents.” That is, we need not consider whether the petitioners’ not being the biological parents of their adoptive daughter, who is the mother of the adop-tee-baby, impairs their standing to sue as “natural grandparents” under § 26-10A-30.